## SCHOOL DISTRICT *v.* STONE.

Bonds issued in the name of an independent school district, in the State of Iowa, contain these recitals : " This bond is issued by the board of school directors by authority of an election of the voters of said school district held on the thirty-first day of July, 1869, in conformity with the provisions of chapter 98 of acts 12th General Assembly of the State of Iowa." *Held*, 1. That the recitals imply as well that the bonds were issued by authority of the election, as that the election was lawfully held, but do not, necessarily or clearly, import a compliance with those provisions which, following substantially the words of the State Constitution, prohibit such a district from incurring indebtedness " to an amount in the aggregate exceeding five per centum on the value of its taxable property, to be ascertained by the last State and county tax lists previous to the incurring of such indebtedness." 2. That, in a suit on the bonds, the district is not estopped by the recitals from showing that the indebtedness of which the bonds are evidence exceeds the amount limited by the Constitution and laws of the State.

ERROR to the Circuit Court of the United States for the District of Iowa.

The facts are stated in the opinion of the court.

*Mr. George G. Wright* for the plaintiff in error.

*Mr. C. C. Nourse* and *Mr. B. F. Kauffman* for the defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

On the first day of July, 1870, the Board of School Directors of Independent School District of Steamboat Rock, Hardin County, Iowa, issued, in its name, thirty bonds, each for $500, and bearing interest at the rate of ten per cent per annum. Each bond recites that it "is issued by the board of school directors by authority of an election of the voters of said school district held on the thirty-first day of July, 1869, in conformity with the provisions of chapter 98 of acts 12th General Assembly of the State of Iowa." The statute referred to authorizes independent school districts to borrow money, within a prescribed limit as to amount, for the purpose of erecting and completing school-houses, by issuing negotiable bonds, — provided the loan was previously sanctioned by a majority of all the votes cast at an annual or a special meeting of the electors, of which meeting the same notice should be given as required by law in case of the election of officers of such districts, and which notice should state the amount proposed to be raised by a sale of bonds.

When the bonds were issued the assessed value of the property of the district, as shown by the last assessment immediately preceding the issue of the bonds, was $47,986: The indebtedness of the district was $425, and there was no money in its treasury. Upon a portion of the bonds, Stone, at their maturity, brought suit in the court below against the district, and judgment was rendered in his favor. The district thereupon brought this writ of error.

The Constitution of Iowa declares that " no county, or other political or municipal corporation, shall be allowed to become indebted in any manner, or for any purpose, to an amount in the aggregate exceeding five per centum on the value of the taxable property within such county or corporation, to be as-

certained by the last State and county tax lists, previous to the incurring of such indebtedness." The largest indebtedness, therefore, which the district, consistently with the fundamental law of the State, could have contracted, when these bonds were issued, was five per cent on $47,986. Consequently, those here in suit, constituting one issue, and aggregating $15,000, must be held to have been made without authority of law, and, upon well-established principles, are not enforceable obligations against the district, unless it is estopped by their recitals from showing, against a *bona fide* purchaser, the value of its taxable property as disclosed by the last State and county tax lists previous to the creation of the debt.

The argument on behalf of defendants in error, briefly stated, is this : That the law invested the school board with authority to execute bonds for the purposes for which those in suit were issued, within the limit, as to amount, prescribed by the Constitution and the statute passed in conformity therewith ; that that board, when issuing the bonds, were under a duty to determine, and necessarily did determine, whether the aggregate indebtedness of the district, thus increased, was in excess of five per cent upon the value of the taxable property of the district, as shown by the last State and county tax lists ; consequently, it is contended, their recitals should be regarded as a declaration by the board, upon which *bona fide* purchasers could rely, of its determination that the taxable property of the district, as thus ascertained, was of value sufficient to justify the proposed indebtedness of $15,000.

Waiving any discussion of the question, whether the constitutional requirement that the amount of the taxable property should be "ascertained by the last State and county tax lists," did not compel every purchaser, at his peril, to obtain from that source the necessary information, and did not preclude him from relying upon the representations of district officers as to what those lists disclosed, we are of opinion that the recitals in the bonds do not, necessarily nor distinctly, import any determination of that question by the district officers invested with authority, under certain circumstances, to issue them. Had the bonds recited that they were issued by authority of the election of July 31, 1869, *and* in conformity with the provisions of the

statute referred to, there would, in view of the decisions of this court, be more force in the argument in behalf of the defendant in error.     *Town of Coloma* v. *Eaves*, 92 U. S. 484 ; *Town of Venice* v. *Murdock*, id. 494 ; *Converse* v. *City of Fort Scott*, id. 503 ; *Marcy* v. *Township of Oswego*, id. 637 ; *Commissioners of Douglass County* v. *Bolles*, 94 id. 104 ; *Commissioners of Johnson County* v. *January*, id. 202 ; *Buchanan* v. *Litchfield*, 102 id. 278.     And we should, then, be obliged to decide whether, in view of the constitutional provision, a false recital by the school board as to the value of the taxable property, would conclude the district as between it and a *bona fide* purchaser for value ; for, in such case, since the statute itself contains, substantially, the same limitation upon indebtedness by independent school districts as is prescribed by the State Constitution for county, or other political or municipal corporations, a distinct recital that the bonds were issued, in conformity with the statute, would fairly import a compliance with the Constitution.     But the recitals do not, as we have said, necessarily import a compliance with the statute or the fundamental law of the State upon that subject.     They necessarily imply nothing more than that the bonds were issued by authority of the electors, and that the election was held in conformity with the statute.     The statute may have been pursued as to the notice required to be given of the time and place of the election, and as to the manner in which the will of the voters was to be ascertained, and yet it may have been disregarded in respect of the limit it imposed upon district indebtedness.     The declaration, therefore, that the election was held in conformity with the statute does not, with sufficient distinctness, imply that the indebtedness voted was less than five per cent on the value of the taxable property of the district, as shown by the State and county tax lists.

This construction of the words employed in the bonds is characterized by counsel for the defendant in error as too narrow and technical.     It may be a strict construction, and such, it seems to the court, ought to be the rule when it is proposed, by mere recitals upon the part of the officers of a municipal corporation, to exclude inquiry as to whether bonds, issued in its name, were made in violation of the Constitution and of the

statute, of the provisions of which all must take notice.    Numerous cases have been determined in this court, in which we have said that where a statute confers power upon a municipal corporation, upon the performance of certain precedent conditions, to execute bonds in aid of the construction of a railroad, or for other like purposes, and imposes upon certain officers — invested with authority to determine whether such conditions have been performed — the responsibility of issuing them when such conditions have been complied with, recitals, by such officers, that the bonds have been issued " in pursuance of," or " in conformity with," or " by virtue of," or " by authority of," the statute, have been held, in favor of *bona fide* purchasers of value, to import full compliance with the statute, and to preclude inquiry as to whether the precedent conditions had been performed before the bonds were issued.    But in all such cases, as a careful examination will show, the recitals fairly imported a compliance, in all substantial respects, with the statute giving authority to issue the bonds.    We are unwilling to enlarge or extend the rule, now established by numerous decisions.    Sound public policy forbids it.    Where the holder relies for protection upon mere recitals, they should, at least, be clear and unambiguous, in order to estop a municipal corporation, in whose name such bonds have been made, from showing that they were issued in violation, or without authority, of law.

For the reasons given, we are of opinion that, in the present action on the bonds, judgment should have been entered upon the special verdict for the district.    To what extent, if any, the district may be held responsible, in some other form of proceeding, is a question not now before us, and as to which we express no opinion.

*Judgment reversed with directions to render judgment, upon the special verdict, for the defendant below.*