STATE OF NEBRASKA, EX REL. CITY OF SUTTON, V.
H. A. BABCOCK, AUDITOR OF PUBLIC ACCOUNTS.

**Cities of Second Class:** BONDS FOR WATER-WORKS. The assessed valuation of the city of S., in the year 1887, was $190,-
493, and in June, 1888, the council of said city submitted to
the voters thereof a proposition to issue $20,000 in bonds to
construct water-works, the tax being limited to 7 mills on the
dollar of the assessed valuation. The election was held on the
6th day of July, 1888, the necessary majority being in favor of
the issuing of the bonds, but at the time of the election the valuation of property in said city, as returned by the assessor was
reduced to $158,541. *Held,* That the issue of $20,000 in bonds
was in excess of the power conferred, and that such bonds were
unauthorized.

ORIGINAL application for mandamus.

*R. G. Brown,* for relator.

*William Leese, Attorney General,* and *H. A. Babcock,*
*pro se,* for respondent.

MAXWELL, J.

This is an application for a mandamus to compel the de-
fendant to register certain bonds issued by the city of Sut-
ton for water-works. It is alleged in the petition that, on
the ...... day of May, 1888, the residents of said city pre-
sented a petition to the city council of said city, asking that
a proposition to vote $20,000 in water bonds be sub-
mitted to the voters of said city for the purpose of erecting
a system of water-works; that on the 5th day of June,
1888, an ordinance was duly passed and a special election
called, submitting a proposition to vote bonds for said
sum of $20,000 for the construction of a system of water-
works for that city, and that the assessed valuation of the
city at that time, for the year 1887, was $190,493, and

that the valuation for 1888 was not yet completed or known; that said election was held on the 6th day of July, 1888, in all respects as required by law, and that a majority of all the votes cast at said election was in favor of said proposition; that on the first day of August, 1888, said bonds were executed, and afterwards presented to the respondent for registration, which was refused, for the reason that on the day of the election the assessment of the city had been completed, and was found to be $158,541, and that the bonds issued were in excess of the power of the city. And this action is brought to compel the defendant to register the bonds in question.

The election having been called and the proposition properly submitted on the valuation of 1887 (before the 1888 assessment was known), should the bonds be based on the valuation as it then stood, or should the bonds be based on the valuation as it stood on the day of election, and if so are the bonds issued in excess of the limits fixed by the law?

Sutton is a city of the second class, and derives its power to issue bonds from subdivision 15, Sec. 69, Art. 1, Chap. 14 of the Compiled Statutes, which is as follows: "Such cities or villages may borrow money or issue bonds for the purpose, (of constructing water-works) and levy and collect a general tax in the same manner as other municipal taxes may be levied and collected for the purchase of steam engines, and for the purchase, erection, or construction and maintenance of such water-works, or to pay for water furnished such city or village under contract, to an amount not exceeding 7 mills on the dollar in any one year on all the property within such city or village as shown and valued upon the assessment rolls of the assessor of the proper precinct or township in addition to the sum authorized to be levied under subdivision one of this section, and all taxes raised under this clause shall be retained in a fund known as 'Water Fund;' *provided fur-*

*ther*, That no such money shall be borrowed or bonds issued, unless the same shall have been authorized by a vote of the majority of the electors of such city or village [thereon at an election submitting the proposition to the electors of such city or village] to that effect. The bonds shall be bonds of the city called ' Water bonds,' to become due in twenty years from the date of issue, but payable any time after five years, drawing seven per cent interest per annum, payable annually, and bonds shall not be issued under the provisions hereof to a greater amount than one hundred thousand dollars."

The tax for such bonds is to be based upon the assessment at the time the bonds are issued. In a new state like this, where, as a general rule, property is constantly advancing in value, it cannot be supposed that the legislature in passing the act in question intended to permit the issue of bonds, the interest on which should exceed 7 mills on the dollar valuation. The evident purpose was to prevent the imposition of a burdensome tax. As the bonds were issued under statutory power, the statute is the measure of the authority of the city council in the premises. The fact that the proposition was based upon the assessment of 1887, and therefore valid when submitted, does not aid the relator, as at the time of the election the assessed valuation did not justify the city in issuing the amount of bonds then voted upon. The amount of bonds to be issued is to be determined by the assessed valuation at the time of the election. *State v. Babcock*, 20 Neb., 522. No case is cited in support of the position of the relator, and we have been unable to find a similar case. No doubt the actual value of property in the city of Sutton is considerably greater in 1888 than in 1887. But bonds are not to be issued on the actual, but the assessed valuation. The bonds being in excess of the limit fixed by law, the writ must be denied.

WRIT DENIED.

THE other judges concur.