### HEED v. COMMISSIONERS OF COWLEY COUNTY, KAN.

(Circuit Court, D. Kansas, Second Division.    September 13, 1897.)

1. MUNICIPAL CORPORATIONS—BOND ISSUES—RECITALS—INNOCENT PURCHASERS.
   "Where a municipal body has lawful authority to issue bonds, dependent only upon the adoption of certain preliminary proceedings, and the adoption of those preliminary proceedings is certified on the face of the bonds by the body to which the law intrusts the power, and upon which it imposes the duty, to ascertain, determine, and certify this fact before or at the time of issuing the bonds, such a certificate will estop the municipality, as against a bona fide purchaser of the bonds, from proving its falsity to defeat them." Commissioners v. Aspinwall, 21 How. 539.

2. SAME.
   This principle covers a case of county bonds issued for 30 years straight, and certified to have been issued "in pursuance of, and in accordance with, the vote of a majority of the qualified electors of the county," though an examination of the county records would have shown that the vote of the people only authorized, in fact, an issue of bonds due in 30 years, but subject to payment in 10 years.

3. SAME—ESTOPPEL.

If there is authority to issue the bonds of a county, and the bonds recite that authority, and that the conditions required by the act under which they are issued have been complied with, and this recital is made, and the bonds issued, by persons who were not officers, and not authorized to so certify or issue them, but there was authority for the proper officers to issue the bonds, then payment of part of the bonds and the interest on all for a long time will be a full ratification of the acts of the officers who issued the bonds, and estops the county from questioning the acts of the officers who issued them, after the bonds have passed into the hands of innocent purchasers.

This was an action at law by George Heed against the county commissioners of Cowley county, Kan., to recover on interest coupons cut from county bonds. The case was heard on a demurrer by defendants to plaintiff's reply to the answer.

Gleed, Ware & Gleed, for plaintiff.
Pollock & Lafferty, for defendants.

WILLIAMS, District Judge. This is an action to recover on 118 coupons clipped from 59 bonds of the defendant county. The declaration alleges that plaintiff, although not the owner of the bonds, is the owner for value and bona fide holder of these coupons, 59 of which matured January 1, 1894, and the other 59 on July 1, 1894. The bonds were issued on January 1, 1880, and, the declaration alleges, were issued under an act of the legislature of the state of Kansas, as shown by the recital of the bonds. A copy of the bonds is set out, with the declaration. The bonds contain the following recitals, after the acknowledgment of the indebtedness and the promise to pay 30 years after the date thereof:

"This bond is one of a series of one hundred and thirty-six bonds of a like tenor, effect, and amount, executed and issued by the county commissioners of said Cowley county, by virtue and in pursuance, of an act of the legislature of the state of Kansas entitled, 'An act to enable counties, townships, and cities to aid in the construction of railroads, and to repeal section 8 of chapter 39 of the Laws of 1874,' approved February 25, 1876, and the acts of the legislature of said state amendatory thereof, and supplemental thereto, and in pursuance of, and in accordance with, the vote of a majority of the qualified electors of said Cowley county at a special election regularly called and held therein on the 29th day of April, 1879, and are issued in payment of a subscription by said county to the capital stock of the Southern Kansas & Western Railroad Company to the amount of sixty-eight thousand dollars."

The bonds were signed by the chairman of the board of county commissioners, and attested by the county clerk and county seal, and were registered in the office of the auditor of state, on March 30, 1880.

The answer denies that plaintiff is a bona fide owner or holder of the coupons, and, second, asserts a want of power in the county officers to issue the bonds and coupons. The latter ground is stated as follows:

"First. Because the chairman of the board of county commissioners and the county clerk of defendant county were wholly without power to issue the binding obligations of the county, unless theretofore expressly authorized by a vote of a majority of the qualified electors of the county, voting at an election held

for such purpose, to order the same issued, and that at no time was there ever an election held or authority conferred by the voters to issue said bonds. Second. That the persons pretending to issue said bonds were not officers or agents of the county at the time."

To this answer plaintiff filed a reply, setting up:

"The defendant county has adopted, ratified, and confirmed all the said acts complained of by the defendant, and have recognized the official character of the persons who acted as officers, by paying off 77 of the said bonds and also by paying off the coupons for 13 years upon the balance of the said outstanding bonds, being those mentioned in plaintiff's petition, and by reason of which recognition, and upon the faith thereof, plaintiff bought the coupons sued on in open market, in good faith and for value."

To this plea in the reply defendant demurred, and both parties want all questions, as they appear of record in this cause, disposed of on this demurrer. From the exhibits filed with the answer, it appears that the proposition to issue the bonds, as submitted to the electors, provided for bonds payable in 30 years, but with the right of the county to redeem and pay them off at any time after 10 years. The demurrer was submitted on printed briefs by E. F. Ware, for the plaintiff, and J. C. Pollock, for the defendant; WILLIAMS, District Judge.

The real question involved in this action on the demurrer to the reply only is whether, by reason of the payment by the county of 77 of the 136 bonds, and the payment of the interest coupons on all the bonds for 13 years, the county is estopped from showing now, in an action on the coupons by one who purchased them in good faith on the strength of these facts, that the persons who issued these bonds as officers of the county were really not the officers, and had no right to act for or bind the county. The demurrer admits the truth of every allegation in the reply. But, as a demurrer reaches back to the former pleadings, and counsel have ably presented every issue of law involved in the cause, it is proper that the entire case, so far as it appears from the pleadings and exhibits, shall be determined now; reserving, of course, the questions of fact put in issue by the answer, as to whether plaintiff is a bona fide holder and owner of the coupons, to a trial before a jury, if desired by the parties, in the event the demurrer is overruled. That there was legislative authority for counties in Kansas at that time to issue its negotiable bonds in payment of stock subscriptions to railroads is admitted by defendant. That being so, it is too late at this day to go behind the recitals in the bonds, if made by the officers who, by the laws of the state, were authorized to pass upon those facts. Ever since the decision of the United States supreme court in Commissioners v. Aspinwall, 21 How. 539, it has been the settled rule of law in the courts of the United States that:

"Where the municipal body has lawful authority to issue bonds, dependent only upon the adoption of certain preliminary proceedings, and the adoption of those preliminary proceedings is certified on the face of the bonds by the body to which the law intrusts the power and upon which it imposes the duty, to ascertain, determine, and certify this fact before or at the time of issuing the bonds, such a certificate will estop the municipality, as against a bona fide purchaser of the bonds, from proving its falsity to defeat them."

Counsel for plaintiff cite a large number of cases in their brief in which this rule has since then been followed, but it is unnecessary to refer to them in this opinion, as that rule has never been questioned by any decision of the supreme court of the United States, or of the circuit court of appeals for this circuit, and those are the courts whose decisions are conclusive and binding upon this court. The latest reported case of the supreme court recognizing this rule is Graves v. Saline Co., 161 U. S. 359, 16 Sup. Ct. 526.

But learned counsel for defendant seek to distinguish this case from those above referred to by reason of the fact that the bonds in controversy were issued for 30 years straight, while the vote of the people only authorized a bond known as the "$^{10}/_{30}$,"—i. e. bonds due in 30 years, but subject to payment after 10 years. While it is true that an examination of the county records would have shown to plaintiff that such was the vote, the recitals in the bonds that they were issued "in pursuance of, and in accordance with, the vote of a majority of the qualified electors of the county," relieves a purchaser of the necessity to examine the county records for the purpose of ascertaining whether those recitals were in fact true. Evansville v. Dennett, 161 U. S. 434, 16 Sup. Ct. 613.

Counsel for defendant refers to a large number of cases in his brief to show that this rule does not apply to this case; but, unfortunately, none of these cases are at all like the case at bar. In Brenham v. Bank, 144 U. S. 173, 12 Sup. Ct. 559, the only recitals in the bonds are that they were issued under a city ordinance, and an examination of the ordinance showed that the bonds were not in compliance therewith. In Barnum v. Okolona, 148 U. S. 393, 13 Sup. Ct. 638, the statute under which the bonds were issued absolutely prohibited the issue of a bond to run for over 10 years. Norton v. Dyersburg, 127 U. S. 160, 8 Sup. Ct. 1111, was exactly like Barnum v. Okolona. Lewis v. Commissioners, 12 Kan. 186, is in point, and, if the law as there stated were not in direct conflict with the principles established by the supreme court of the United States, it would be decisive of this case in favor of the defendant. But, with due deference to the learned judge who delivered the opinion in that case, the United States supreme court has never recognized that doctrine, but, on the contrary, has absolutely refused to follow it. In Block v. Commissioners, 99 U. S. 686, in which case the same bonds as those determined in the Lewis Case were in issue, the court says:

"We have not overlooked the opinion delivered by the supreme court of the state in Lewis v. Commissioners, 12 Kan. 186. The judgment in the case was not given until after the bonds were issued, and after the rights of the holders thereof had become fixed. We are therefore at liberty to follow our own convictions of the law. To those expressed by the state court, we cannot assent. They are not in harmony with many rulings of this court, made and repeated through a long series of years, and they are not such as, in our opinion, would administer substantial justice if applied to this case."

The same rule prevails in the United States circuit court of appeals for this circuit. National Life Ins. Co. of Montpelier v. Board of Education of City of Huron, 27 U. S. App. 244, 10 C. C. A. 637, and 62 Fed. 778.

The only question left for determination is:

"Will the payment by a county of some of the bonds, and payment of interest for 13 years on all the bonds, estop the county from showing that the officers who issued the bonds were not in fact officers of the county, and not authorized to issue the bonds involved in this proceeding?"

The rule of law relating to this question may be briefly stated to be settled by the decision of the courts of the United States as follows:

"Where there is no authority to issue the bonds, or if the act authorizing it is unconstitutional or absolutely void, payment of interest will not estop the county; but, if there is authority to issue the bonds, and the bonds recite that authority, and that the conditions required by the act under which they are issued have been complied with, and this recital is made by the officers authorized by law to determine those questions, or where the bonds were issued by officers who were not such at the time, but there was authority for the proper officers to issue the bonds, payment of part of the bonds and the interest on all for a long time will be a full ratification of the acts of the officers who issued the bonds, and estops the county from questioning the acts of the officers who issued them, after the bonds have passed into the hands of innocent purchasers."

Supervisors v. Schenck, 5 Wall. 772; Clay Co. v. Society for Savings, 104 U. S. 579; Moulton v. City of Evansville, 25 Fed. 382; Commissioners v. Beal, 113 U. S. 227, 5 Sup. Ct. 433; Citizens Saving & Loan Ass'n v. Perry Co., 156 U. S. 692, 15 Sup. Ct. 547.

It therefore necessarily follows that the demurrer to the second paragraph of the reply must be overruled. As to whether this allegation in the reply is true, or whether plaintiff is a bona fide owner of the coupons, were questions of fact to be submitted to a jury, or the court, if a stipulation to waive a jury is filed.