## BOARD OF COM'RS OF COWLEY COUNTY, KAN., v. HEED.

(Circuit Court of Appeals, Eighth Circuit.  May 14, 1900.)

### No. 1,362.

COUNTIES—RAILROAD BONDS—RECITAL—ESTOPPEL.

> Where county bonds issued in aid of a railroad recited that they were issued in accordance with a certain act to enable counties, townships, and cities to aid in the construction of railroads, and in pursuance and in accordance with the vote of a majority of the qualified electors of the county at a special election, regularly called and held therein on a certain day, the county was estopped from claiming that the bonds were void because the proposition which received the favorable vote of the electors was to issue bonds due in 30 years, but payable on call in 10 years, while the bonds actually issued bore interest for 30 years, and were not payable, on call or otherwise, until the expiration of that period.

In Error to the Circuit Court of the United States for the District of Kansas.

S. R. Peters, John C. Nicholson, John C. Pollock, and Joseph T. Lafferty, for plaintiff in error.

E. F. Ware, Charles S. Gleed, James Willis Gleed, D. E. Palmer, and J. L. Hunt, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge.   This was an action by a bona fide purchaser of coupons cut from bonds issued under chapter 107 of the Laws of Kansas of 1876.   The defense was that the proposition upon which the bonds were issued, and which received the favorable vote of the electors of the county, was to issue bonds due in 30 years, but payable upon call at any time after 10 years; that the coupons in suit were for interest due after the expiration of the 10 years, and after the bonds had been called for payment.   The bonds themselves were not payable at the expiration of 10 years, but were bonds payable 30 years after their date.   They contained this recital:

"This bond is one of a series of one hundred and thirty-six bonds of a like tenor, effect, and amount, executed and issued by the county commissioners of said Cowley county by virtue and in pursuance of an act of the legislature of the state of Kansas entitled 'An act to enable counties, townships and cities to aid in the construction of railroads, and to repeal section eight of chapter thirty-nine of the Laws of 1874,' approved February 25, 1876, and the acts of the legislature of said state amendatory thereof and supplemental thereto, and in pursuance of and in accordance with the vote of a majority of the qualified electors of said Cowley county at a special election regularly called and held therein on the 29th day of April, 1879."

The circuit court held that the county was estopped by this recital in the bonds from defeating the bonds or the coupons on the ground that the proposition which received the vote of a majority of the qualified electors of the county did not correspond in terms with the conditions of the bond. 82 Fed. 716. That decision is affirmed on the authority of National Life Ins. Co. v. Board of Education of City of Huron, 27 U. S. App. 244, 266, 10 C. C. A. 637, 651, 62 Fed. 778, 792; Walnut v. Wade, 103 U. S. 683, 696, 26 L. Ed. 526.