### TOWN OF AURORA v. GATES.

### SAME v. WILDER.

(Circuit Court of Appeals, Eighth Circuit. September 26, 1913.)

Nos. 3,956, 3,957.

*(Syllabus by the Court.)*

1. MUNICIPAL CORPORATIONS (§ 923*)—BONDS—ESTOPPEL BY RECITALS.

If the laws are such that there might, under any state of facts or circumstances, be lawful power in a municipality or quasi municipality to issue its bonds, it may, by recitals therein, estop itself from denying that those facts or circumstances existed, unless the Constitution or the act under which the bonds are issued prescribes some public record as the test of the existence of some of those facts or circumstances.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1924, 1936; Dec. Dig. § 923.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 943*)—BONDS—ESTOPPEL BY RECITALS.

The recitals, in municipal bonds by the officers or the representative body invested with power to perform a precedent condition and with authority to determine when that condition has been performed, that all of the requirements of law necessary to authorize the issue of the bonds have been fulfilled precludes inquiry, as against an innocent purchaser for value, whether or not the precedent condition had been performed before the bonds were issued.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1972–1977; Dec. Dig. § 943.*]

3. MUNICIPAL CORPORATIONS (§ 943*)—BONDS—ESTOPPEL BY RECITALS.

Where, by legislative enactment, authority has been given to the officers of a municipality to issue its bonds on some precedent condition, and when it may be gathered from the enactment that those officers were invested with power to decide whether or not that condition had been fulfilled, their recital in the bonds issued by them that it was fulfilled is duly authorized, and it estops the municipality from proving its falsity to defeat the bonds in the hands of an innocent purchaser.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1972–1977; Dec. Dig. § 943.*]

4. MUNICIPAL CORPORATIONS (§ 943*)—BONDS—ESTOPPEL BY RECITALS.

The recital in municipal bonds that they were issued in accordance with the provisions of the enabling statute imports that they were sent forth in pursuance of a lawful and proper resolution or ordinance and of just and proper action by the governing board and officers of the municipality. It relieves the innocent purchaser of all inquiry, notice, and knowledge of the record, action, or omission of the municipal board or council or of the other officers of the municipality and estops the municipality or quasi municipality from denying that a lawful resolution or ordinance was passed and published and that proper action was taken.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1972–1977; Dec. Dig. § 943.*

Bona fide purchasers of municipal bonds, see note to Pickens Tp. v. Post, 41 C. C. A. 6.]

5. MUNICIPAL CORPORATIONS (§ 923*)—BONDS—POWERS AND DUTIES.

The Legislature of Colorado empowered the mayor and recorder of a town in that state to issue its bonds for waterworks on condition that an enabling ordinance was passed by the board of trustees of the town and was published. By its enactments the Legislature imposed upon the mayor and recorder the duty of recording the enabling ordinance in the book of ordinances as soon as might be after its passage and of authenticating it by their signatures and made the record in the book prima facie evidence of the publication of the ordinance. *Held*, this legislation imposed on the mayor and recorder the duty, and gave them the power, to publish the ordinance, to ascertain and determine whether or not it had been legally published before they authenticated the record of it or issued the bonds, and to insert in the bonds a certificate of the town that the ordinance had been duly published.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1924, 1936; Dec. Dig. § 923.*]

6. MUNICIPAL CORPORATIONS (§ 945*)—RECITALS IN BONDS—ESTOPPEL.

The certificate in the bonds signed by the mayor attested by the clerk and by the official seal of the town that "all acts, conditions, and things requisite to be done precedent to and in the issuing of said bonds have been done and performed in regular and due form as required by law" estops the town from defeating the bonds in the hands of an innocent

purchaser for value on the ground that the enabling ordinance was never published.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1979–1981; Dec. Dig. § 945.*]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Two actions, one by Martha L. Gates, the other by Robert P. Wilder, both against the Town of Aurora. Judgments for plaintiffs, and defendant brings error. Affirmed.

William A. Bryans, of Denver, Colo., for plaintiff in error.

Hugh McLean, of Denver, Colo., for defendants in error.

Before SANBORN and CARLAND, Circuit Judges, and WILLARD, District Judge.

SANBORN, Circuit Judge. [5, 6] The town of Aurora complains of judgments against it upon some of its bonds and coupons which it issued and sold in 1891 for waterworks on the ground that the ordinance under which they were issued was never published. The court below held that it was estopped from defeating the bonds on this ground by the recital and certificate therein as against the plaintiffs below, who were innocent purchasers for value. The recital was that each bond was issued "in pursuance of an ordinance in relation to waterworks bonds and also under and by virtue of and in full compliance with an act of the General Assembly of the state of Colorado entitled 'An act in relation to municipal corporations,' approved April 4, 1877, and an act amendatory thereof, approved March 2, 1887." The certificate was:

"It is certified that this issue of bonds is for the purpose of purchasing waterworks for fire and domestic purposes, and further, that all the provisions of said ordinance and said act have been complied with, and that all acts, conditions and things requisite to be done, precedent to and in the issuing of said bonds have been done, happened and performed in regular and due form as required by law."

The acts of the Legislature recited in the bonds granted to the officers of the town plenary power to issue and sell the bonds and coupons for waterworks. They did so and levied taxes to pay and paid the coupons on these bonds for many years. Before they were issued the board of trustees of the town passed an ordinance to the effect that the town issue the bonds for the waterworks and that "the mayor and other officers of the town * * * are hereby directed and instructed to issue said bonds in the name of the town and to carry out the terms and provisions of this ordinance." The statutes of Colorado provided that the mayor should preside at all meetings of the board of trustees and that the clerk should make a true and accurate record of all the proceedings, rules, and ordinances made and passed by the board of trustees (Mills' Ann. Statutes of Colorado, § 4511); that all ordinances should be published in a manner specified in the statutes; that they should not take effect or be in force until the expiration of five days after their publication; that as soon as

might be after their passage they should be "recorded in a book kept for that purpose and be authenticated by the signature of the presiding officer of the council or board of trustees and the clerk"; and that "the book of ordinances herein provided for shall be taken and considered in all courts of this state as prima facie evidence that such ordinances have been published as provided by law" (section 4443, Mills' Ann. Stat.). The ordinance under which the bonds were issued was recorded in the book of ordinances and authenticated by the signatures of the presiding officer of the board of trustees and the clerk, and the bonds were signed by the mayor, who was the presiding officer of the board of trustees, and the treasurer, and they were attested by the signature of the clerk and by the official seal of the town.

The argument against the estoppel by the recital and certificate from proving that the ordinance was not published is twofold. The first runs in this way: In the absence of an ordinance neither the town nor its officers had any power to issue the bonds or to make the recital and certificate therein. The ordinance never was published; therefore it never went into effect; and the bonds, the recitals, and certificates were issued without authority and are void. In support of this contention counsel cites Post v. Pulaski County, 49 Fed. 628, 1 C. C. A. 405; National Bank of Commerce v. Town of Granada, 54 Fed. 100, 104, 105, 4 C. C. A. 212, 216, 217; Hinkley v. City of Arkansas City, 69 Fed. 768, 773, 16 C. C. A. 395, 400; Town of Aurora v. Hayden, 23 Colo. App. 1, 126 Pac. 1109; Peck v. City of Hempstead, 27 Tex. Civ. App. 80, 65 S. W. 653; and other less pertinent opinions. But the validity of this contention is no longer open to debate in the national courts. It ignores the vital distinction between that total want of power which no act or recital of the municipality or quasi municipality may remedy and the total failure to exercise or the inadequate exercise of a lawful authority. It ignores the essential difference between a total lack of power under the laws under all circumstances and a lack of power which results merely from the absence of the exercise or the inadequate exercise of the power. The former, it is true, cannot be affected by the estoppel of recitals or certificates, but the latter may be.

[1] A municipality or a quasi municipality may not, by the recitals or certificates in its bonds, estop itself from denying that it is without power to issue them when the laws are such that there can be no state of facts or of circumstances under which it would have authority to emit them. But, if the laws are such that there might under any state of facts or of circumstances be lawful power in the municipality or quasi municipality to issue its bonds, it may, by recitals therein, estop itself from denying that those facts or circumstances exist and that it has lawful power to send them forth, unless the Constitution or act under which the bonds are issued prescribes some public record as the test, and no such test was prescribed in this case, of the existence of some of those facts or circumstances. Chaffee County v. Potter, 142 U. S. 355, 364, 12 Sup. Ct. 216, 35 L. Ed. 1040; City of Evansville v. Dennett, 161 U. S. 434, 441, 443, 446, 16 Sup. Ct.

613, 40 L. Ed. 760; Stanly County v. Coler, 190 U. S. 437, 23 Sup. Ct. 811, 47 L. Ed. 1126; Waite v. Santa Cruz, 184 U. S. 302, 320, 22 Sup. Ct. 327, 46 L. Ed. 552; Quinlan v. Green County, 205 U. S. 410, 419, 27 Sup. Ct. 505, 51 L. Ed. 860; Presidio County v. Noel-Young Bond Co., 212 U. S. 58, 65, 67, 69, 70, 29 Sup. Ct. 237, 53 L. Ed. 402; Board of Com'rs v. Sutliff, 97 Fed. 270, 277, 38 C. C. A. 167, 173; National Life Ins. Co. v. Board of Education, 62 Fed. 778, 789, 792, 10 C. C. A. 637, 648, 651; City of Huron v. Second Ward Savings Bank, 86 Fed. 272, 279, 30 C. C. A. 38, 45, 49 L. R. A. 534; Wesson v. Saline County, 73 Fed. 917, 919, 20 C. C. A. 227; City of South St. Paul v. Lamprecht Bros. Co., 88 Fed. 449, 453, 31 C. C. A. 585, 589; Board of Com'rs of Haskell County v. National Life Ins. Co., 90 Fed. 228, 231, 32 C. C. A. 591, 594; Hughes County v. Livingston, 104 Fed. 306, 311, 43 C. C. A. 541, 546; Independent School District v. Rew, 111 Fed. 1, 7, 49 C. C. A. 198, 204, 55 L. R. A. 364; Fairfield v. Rural Independent School District, 116 Fed. 838, 840, 841, 54 C. C. A. 342, 344, 345. If the town had published the ordinance under which the bonds were sent forth, it would have had ample authority to issue them and to make the recital and certificate they contain. There might therefore have been a state of facts under which it would have had authority to issue the bonds and to make the recital and certificate they contain and it was within the power of the town to bring that state of facts into existence. The town, therefore, had the power, by a recital or a certificate in the bonds to the effect that this state of facts existed, to estop itself from denying its existence for the purpose of defeating the bonds and the coupons which innocent purchasers had bought in reliance upon that recital or certificate.

[4] It is true that before the decision of the Supreme Court in City of Evansville v. Dennett, 161 U. S. 434, 441, 443, 446, 16 Sup. Ct. 613, 40 L. Ed. 760, this court fell into the error in National Bank of Commerce v. Town of Granada, 54 Fed. 100, 104, 105, 4 C. C. A. 212, and in Hinkley v. City of Arkansas City, 69 Fed. 768, 773, 16 C. C. A. 395, of holding that a recital or certificate that all preliminary steps had been taken or all precedent conditions had been fulfilled under which the bonds were issued, would not estop a quasi municipality from defeating its bonds by proof that no ordinance required by the statute had been passed or published; and in Town of Fletcher v. Hickman, 165 Fed. 403, 91 C. C. A. 353, this court said, citing the Granada Case, that counsel in the Hickman Case assumed that the publication of the ordinance was a prerequisite to the validity of the bonds and held that the ordinance was duly published. But as this court and the Supreme Court had repeatedly declared, that has never been the law since the decision in 1895 of Evansville v. Dennett, 161 U. S. 434, 16 Sup. Ct. 613, 40 L. Ed. 760, by the Supreme Court of the United States. In that case the city charter empowered the city to issue the bonds on condition that a petition of two-thirds of the resident freeholders of the city was presented to the city council praying it to subscribe for the stock for which the bonds were issued, and no such petition was ever made. A void

amendment to the city charter by its terms authorized the city to issue the bonds on condition that a majority of the qualified electors of the city, who were also taxpayers, voted in favor of the subscription for the stock for which the bonds might be issued. The bonds were issued under the void amendment, and some of them contained a recital that they were issued by virtue of the city charter and by virtue of the void amendment which was specified by the date of its passage, and by virtue of a resolution of the city council ordering an election which resulted in a legal majority in favor of the subscription to the stock, and by virtue of a resolution ordering the issue of the bonds. The Supreme Court first declared that the recital that the bonds were issued by virtue of the city charter was equivalent to a declaration that everything had been done that was required to be done in order that the power to issue the bonds granted by the charter might be lawfully exercised, and then said:

"As therefore the recitals in the bonds import compliance with the city's charter, purchasers for value, having no notice of the nonperformance of the conditions precedent, were not bound to go behind the statute conferring the power to subscribe and to ascertain, by an examination of the ordinances and records of the city council, whether those conditions had in fact been performed. With such recitals before them they had the right to assume that the circumstances existed which authorized the city to exercise the authority given by the Legislature." Evansville v. Dennett, 161 U. S. 443, 16 Sup. Ct. 617, 40 L. Ed. 760.

By the same mark the purchasers of the bonds of this town were not bound to inquire whether the requisite ordinance had been passed or whether or not it had been published. They had the right to assume that it had been duly passed and lawfully published in reliance upon the certificate in the bonds that "all acts, conditions, and things requisite to be done precedent to and in the issuing of said bonds have been done, happened, and performed in regular and due form as required by law." The petition to the city council praying that it subscribe for the° stock by two-thirds of the resident taxpayers was as essential to the power of the city of Evansville to issue its bonds under its charter as the publication of the ordinance was to the power of this town to issue those in suit, for the charter of Evansville expressly prohibited the subscription to the stock which conditioned the city's power to issue the bonds in these words:

"Provided that no stock shall be subscribed or taken by the common council in any such company, unless it be on the petition of two-thirds of the residents of such city who are freeholders of the city, distinctly setting forth the company in which stock is to be taken, and the number and amount of shares to be subscribed."

After the decision of the Supreme Court in Evansville v. Dennett, and after a careful reconsideration in the light of all the authorities of the question decided in National Bank of Commerce v. Town of Granada, 54 Fed. 100, 4 C. C. A. 212, Hinkley v. City of Arkansas City, 69 Fed. 768, 773, 16 C. C. A. 395, and Post v. Pulaski County, 49 Fed. 628, 1 C. C. A. 405, this court, as early as 1898, overruled its decision in those cases, followed the decision of the Supreme Court, and declared the law upon this subject to be this: The recital in mu-

nicipal bonds that they were issued in accordance with the provisions of the enabling statute imports that they were sent forth in pursuance of a lawful and proper resolution or ordinance and of just and proper action by the governing board of the municipality. It relieves the innocent purchaser of all inquiry, notice, or knowledge of the record, action, or omission of the municipal board or council or of the other officers of the municipality and estops the municipality from denying that a lawful resolution or ordinance was passed and proper action was taken. Board of Com'rs v. National Life Ins. Co., 32 C. C. A. 591, 594, 90 Fed. 228, 231. In the year 1900 in Hughes County v. Livingston, 104 Fed. 306, 316, 43 C. C. A. 541, 551, this court declared that this proposition had been repeatedly affirmed and that it was no longer open to debate, citing National Life Ins. Co. v. Board of Education, 62 Fed. 778, 792, 10 C. C. A. 637, 651; Rathbone v. Board of Com'rs, 83 Fed. 125, 131, 27 C. C. A. 477, 483; City of South St. Paul v. Lampbrecht Bros. Co., 88 Fed. 449, 453, 31 C. C. A. 585, 589; Board of Com'rs v. Heed, 41 C. C. A. 668, 101 Fed. 768; Wesson v. Saline County, 73 Fed. 917, 919, 20 C. C. A. 227, 229. Since the decision in Hughes County v. Livingston, the proposition has been reaffirmed by this court in Independent School District v. Rew, 111 Fed. 1, 7, 49 C. C. A. 198, 204, 55 L. R. A. 364, and in Fairfield v. Rural Independent School District, 116 Fed. 838, 840, 841, 54 C. C. A. 342, 344, 345.

The opinion of the Court of Appeals of the state of Colorado in Town of Aurora v. Hayden, 23 Colo. App. 1, 126 Pac. 1109, to the effect that this court has never overruled its decision in National Bank of Commerce v. Town of Granada, 54 Fed. 100, 4 C. C. A. 212, and that the decision in that case is right and in harmony with the decision of the Supreme Court in Evansville v. Dennett, has received a careful reading and deliberate consideration, but for the reasons stated in this opinion and in the other cases in this court cited, notably in Hughes County v. Livingston, 104 Fed. 306, 43 C. C. A. 541, and because the Supreme Court of the United States, whose decisions it is our pleasure and duty to follow, still adheres to the views this court has expressed (Quinlan v. Green County, 205 U. S. 410, 419, 27 Sup. Ct. 505, 51 L. Ed. 860; Presidio County v. Noel-Young Bond Co., 212 U. S. 58, 65, 29 Sup. Ct. 237, 53 L. Ed. 402), this court is not persuaded that it is in error upon this subject and it declines to depart from the position it has maintained for more than a decade. The town of Aurora cannot escape from the estoppel of its certificate in the bonds that all the acts required by its enabling statutes to be done before the issue of the bonds had been performed because an ordinance of its board which it might have published was required by those statutes to be published before the bonds were issued and it omitted to publish it.

The second argument against the estoppel is: The mayor, treasurer, and recorder, the officers who issued the bonds, derived their power to issue them and to make the recital and certificate therein from the ordinance. The ordinance did not take effect or have force until it was published, and it never was published. Therefore these

officers never had any power to issue the bonds or to make the recital and certificate they contain, and they are all ineffective. But the ordinance by its express terms granted the power and imposed the duty on these officers to issue the bonds. They could not lawfully issue them without the publication of the ordinance. The only condition precedent to the vesting of their power to send forth the bonds was the publication of this ordinance, and by the statutes and by the direction of the board of trustees contained in the ordinance to issue the bonds they were empowered and directed to publish it. The statutes provided that the ordinance should not take effect until the expiration of five days after its publication; that as soon as possible after its passage it should be recorded in the book of ordinances and be authenticated by the signatures of the mayor and the clerk; and that this record of it in the book of ordinances should be prima facie evidence of its publication. It was therefore within the power and it was the duty of the officers who signed and issued these bonds to publish the ordinance. It was within their power and it was their duty to ascertain and decide before they authenticated the record of the ordinance by their signatures and before they issued the bonds that the ordinance had been lawfully published, and the case falls within these indisputable rules of law:

[2] The recitals in municipal bonds by the officers or the representative body invested with power to perform a precedent condition and with authority to determine when that condition has been performed, that all the requirements of law necessary to authorize the issue of the bonds have been complied with, precludes inquiry, as against an innocent purchaser for value, whether or not the precedent condition had been performed before the bonds were issued. Platt v. Hitchcock County, 139 Fed. 929, 933, 71 C. C. A. 649; Clapp v. Otoe County, 45 C. C. A. 579, 587, 104 Fed. 473, 481; City of Huron v. Second Ward Sav. Bank, 86 Fed. 272, 279, 30 C. C. A. 38, 45, 49 L. R. A. 534; National Life Ins. Co. v. Board of Education, 62 Fed. 778, 792, 793, 10 C. C. A. 639, 651, 652; School District v. Stone, 106 U. S. 183, 187, 1 Sup. Ct. 84, 27 L. Ed. 90; Town of Coloma v. Eaves, 92 U. S. 484, 23 L. Ed. 579; Commissioners v. Beal, 113 U. S. 227, 5 Sup. Ct. 433, 28 L. Ed. 966; City of Cairo v. Zane, 149 U. S. 122, 13 Sup. Ct. 803, 37 L. Ed. 673.

[3] Where, by legislative enactment, authority has been given to the officers of a municipality to issue its bonds on some precedent condition, and where the fact may be gathered from the enactment that those officers were invested with power to decide whether or not that condition had been complied with, their recital in the bonds issued by them that it was fulfilled is duly authorized, and it estops the municipality or quasi municipality from proving its falsity to defeat the bonds in the hands of an innocent purchaser. Quinlan v. Green County, 205 U. S. 410, 419, 27 Sup. Ct. 505, 51 L. Ed. 860; Presidio County v. Noel-Young Bond Co., 212 U. S. 58, 65, 29 Sup. Ct. 237, 53 L. Ed. 402; Stanly County v. Coler, 190 U. S. 437, 451, 23 Sup. Ct. 811, 47 L. Ed. 1126; Tulare Irrigation District v. Shepard, 185 U. S. 1, 23, 22 Sup. Ct. 531, 46 L. Ed. 773. A municipality, a quasi

municipality, or a corporation and its officers, who by the apparent legality of their obligations or by recitals of their validity have induced innocent purchasers to invest in them are estopped from denying their legality on the ground that in some of the preliminary proceedings which led to their execution, or in their execution itself, they failed to comply with some law or rule of action relative to the mere time or manner of their procedure, with which they might have lawfully complied, but which they carelessly disregarded. Speer v. Board of Commissioners, 88 Fed. 749, 758, 32 C. C. A. 101, 111; Clapp v. Otoe County, 45 C. C. A. 579, 587, 104 Fed. 473, 481; Union Pacific Ry. Co. v. Chicago, R. I. & P. Ry. Co., 2 C. C. A. 174, 239, 241, 51 Fed. 309, 326, 328; Sioux City Terminal Railroad & Warehouse Co. v. Trust Co. of North America, 27 C. C. A. 73, 86, 82 Fed. 124, 137; Board of Commissioners v. Sherwood, 11 C. C. A. 507, 510, 64 Fed. 103, 108; City of Huron v. Second Ward Sav. Bank, 30 C. C. A. 38, 86 Fed. 272, 49 L. R. A. 534.

The result is that the contentions of counsel for the town in this case cannot be sustained, and the judgment below must be affirmed. It is so ordered.