**NOLAN et al. v. COGSWELL, Administrator of Rent Control et al.**

**No. 1261.**

Municipal Court of Appeals
District of Columbia.

Argued Sept. 15, 1952.

Decided Oct. 14, 1952.

———◆———

Manuel C. Avancena, Washington, D. C., for petitioners.

Ernest F. Williams, Gen. Counsel, Washington, D. C., (Ruffin A. Brantley, Asst. Gen. Counsel, Washington, D. C., on the brief), for Robert F. Cogswell, Administrator of Rent Control.

Joseph H. Schneider, Washington, D. C., for respondents Chidakel.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This case is here on a petition for review of an order of the Administrator of Rent Control.

In September 1949 respondents Chidakel, hereinafter called the landlords, who were owners of an apartment building located in the District of Columbia, initiated proceedings before the Administrator under section 4 of the Rent Act[1] seeking an increase in rent. This petition was heard by an examiner, who recommended an order adjusting the maximum rent ceiling. This recommended order was served on the tenants then in occupancy. A petition for review was filed by the tenants within the time period provided for in section 8(c), but it was later withdrawn and the recommended order of the examiner became the final order of the Administrator, effective October 25, 1949.[2]

More than two and a half years later, several tenants filed an application with the Administrator to reopen the case on the ground that the order of October 25, 1949, had been obtained by fraud. They further petitioned the Administrator to seek a mandatory injunction in the United States District Court under section 10(c) for the purpose of preventing the landlords from continuing certain alleged practices. The landlords opposed this application and petition on the grounds that they were frivolous and without merit. After consideration, the Administrator issued an order dismissing the tenants' application to reopen the case as well as their petition for injunction. The tenants then brought this appeal requesting us to review the Administrator's order.

It is urged by the Administrator and the landlords that this court lacks jurisdiction to review this order. In that we concur.

---

1. Code 1951, Supp. I, § 45–1604(a), (b).

2. Code 1951, Supp. I, § 45–1608(c): "The examiner, after hearing, shall make findings of fact and recommend an appropriate order. Copies of such findings and order shall be served upon the parties to the proceeding in such manner as the Administrator may prescribe by regula- tion. Within ten days after such service, any such party may request that the recommended order be reviewed by the Administrator. If there be no such request within such ten days, the findings and recommended order of the examiner shall thereupon be deemed to be the findings and order of the Administrator".

Section 9(a) of the Rent Control Act provides that within ten days after issuance of an order of the Administrator under section 4 any party may file a petition to review such action in the Municipal Court of Appeals for the District of Columbia. Code 1951, Supp. I, § 45–1609. This section must be read in conjunction with section 9(c) which provides that the Municipal Court of Appeals for the District of Columbia is granted exclusive jurisdiction to review any order of the Administrator made pursuant to section 4.

This court stated in Fabianich v. Hart, D.C.Mun.App., 31 A.2d 881, 882:

> "Section 4 contains five sub-sections lettered (a) through (e), which authorize the Administrator to adjust maximum rent ceilings and minimum service facilities. Each of these sub-sections authorizes a petition by the landlord, or by the tenant, or in sub-section (a) by either, upon specifically stated grounds. This part of each sub-section terminates with a semicolon. Each sub-section then continues with the statement—'whereupon the Administrator may by order adjust' etc. The only orders specifically authorized to be entered by the Administrator in Section 4 are those orders definitely determining and fixing, pursuant to the proceedings therein prescribed, new rent ceilings or adjusted minimum service requirements. Such orders are in their nature final, and under the requirements of Section 8 must be made after hearing testimony by an examiner."

The only other orders specifically provided for in the Act are those made under section 3[3] and procedural orders under section 7(b) giving authority "to issue such orders as may be deemed necessary or proper to carry out the purposes and provisions of this act or to prevent the circumvention or evasion thereof."

The sole question for consideration is whether our authority to review orders of the Administrator applies to orders denying a motion to reopen a case after the statutory time for review of the order had expired.

We interpret the language of section 9(c) as referable to the orders specifically provided for in section 4,[4] and we think that it can not be extended to cover the order which we are here asked to review.

We regard the order of the Administrator dismissing this application and petition as not such an order pursuant to section 4 of the Act as the Municipal Court of Appeals is authorized to review.

The motion to dismiss is therefore granted.

Appeal dismissed.

---

3. See Code 1951, Supp. I, § 45–1603. There is, however, no contention that this section is in any way involved in this appeal.

4. Hall v. Henry J. Robb, Inc., D.C.Mun. App., 34 A.2d 863.