GOODMAN et al. v. BOWLES, Price Adm'r.

No. 74.

United States Emergency Court of Appeals.

Heard at Philadelphia Oct. 27, 1943.

Decided Nov. 22, 1943.

Samuel M. Goodman, of Newark, N. J., for complainants.

Herbert H. Bent, Atty., Office of Price Administration, of Washington, D. C., (George J. Burke, Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, Sol M. Linowitz, Chief, Court Review Rent Branch, and Mavis Clark, Atty., all of the Office of Price Administration, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.

MAGRUDER, Judge.

The complaint in this case is directed against the failure of the Price Administrator, in granting a landlord's petition for adjustment under a rent regulation, to make retroactive the allowed increases in maximum rents.

Complainants are the owners of an apartment house in East Orange, New Jersey. Between March 1, 1942, and May 18, 1942, before the rent regulation in question was issued, complainants entered into negotiations with their various tenants as the result of which the tenants agreed to pay additional rents in consideration of substantial improvements in the services, furnish-

ings, and equipment to be supplied by the landlord. On May 18, 1942, when rent regulation in the area was in the offing, certain representatives of the Office of Price Administration held a meeting with landlords of the area. At such meeting one of the complainants inquired if increased rental could be charged under the circumstances stated, and was informed by one of respondent's representatives that the improvements contemplated would constitute ground for obtaining increased rents. Thereafter, and before the rent regulation was issued, complainants made or in some instances completed, the said improvements.

Maximum Rent Regulation No. 28 for Housing Accommodations Other than Hotels and Rooming Houses, applicable to the Northeastern New Jersey Defense-Rental Area, was issued by the Administrator on June 30, 1942, to be effective July 1, 1942. 7 F.R. 4913. For housing accommodations which were rented on March 1, 1942, § 4 of the regulation provides that "Maximum rents (unless and until changed by the Administrator as provided in section 5) shall be * * * the rent for such accommodations on that date." Section 5 provides certain grounds on which a landlord may file a petition for adjustment to increase the maximum rent otherwise allowable. One of these grounds, as provided in § 5 (a) (3), is that "There has been a substantial increase in the services, furniture, furnishings, or equipment provided with the housing accommodations since the date or order determining its maximum rent."

Pursuant to the foregoing adjustment provision and to Procedural Regulation No. 3, complainants on August 24, 1942, filed with the area rent director a petition for adjustment of the maximum rents for nine of the apartments in question. On October 10, 1942, the area rent director issued an order denying this petition.

On November 6, 1942, complainants, again pursuant to the provisions of Procedural Regulation No. 3, filed with the Regional Administrator, Office of Price Administration, Region II, their protest against said order of October 10, 1942. The regional administrator on January 7, 1943, issued an order affording complainants an opportunity to present certain further evidence. This additional evidence was filed on January 28, 1943. On June 15, 1943, the regional administrator entered an order incorporating certain matters into the record and giving complainants an opportunity to present rebuttal evidence. On June 21, 1943, complainants filed a statement to the effect that they would be unable to present such rebuttal evidence because of the cost and difficulty in obtaining experts to testify. On June 30, 1943, the regional administrator issued an order stated to be effective on that date, granting in part the increases of maximum rents requested.

Though the complaint in this court attacked the regional administrator's order of June 30, 1943, for its failure to grant the increases to the full extent requested in the petition for adjustment, this ground of complaint was not argued in complainants' brief and was expressly abandoned at the oral argument. The other ground of complaint, and the only one now to be considered by us, is that the regional administrator failed to give retroactive effect to the increases allowed. Complainants argue in the alternative that the relief granted should retroactively have been made effective (1) from July 1, 1942, the date the maximum rent regulation went into effect, or (2) from August 24, 1942, the date on which complainants filed their petition for adjustment, or (3) from October 10, 1942, the date of the order of the area rent director denying the petition for adjustment.

The petition for adjustment filed by complainants on August 24, 1942, did not request any retroactive relief. There is no place on the application form for such a request. As previously stated, the petition was denied in full by order of the area rent director on October 10, 1942. In their protest against this order, with accompanying affidavit, filed November 6, 1942, complainants did not request retroactive relief. They did request that "the order issued October 10, 1942, dismissing their petition be set aside and reversed and an order be made permitting them to receive the increased rent for the various apartments in said housing accommodations, as set forth in their petition for adjustment of rent; or for such other increased rental as may be reasonable, fair and proper and that the protestants' petition for the adjustment of rent heretofore filed be granted." No specific request for relief retroactive to July 1, 1942, was made by complainants until January 28, 1943, when they submitted additional evidence in conformity with the regional administrator's order providing an opportunity to present such further evidence. In the regional administrator's or-

der of June 30, 1943, granting part of the increases sought, no comment was made on complainants' request for retroactive relief. The order was made effective prospectively only.

On the record before us it has been administratively determined that subsequent to March 1, 1942, and prior to the issuance of the regulation, complainants had made such substantial increase in the services, furniture, furnishings or equipment provided with the housing accommodations that it would be unfair to hold complainants to the rentals which were in effect on the maximum rent date. It also appears that the tenants, prior to the issuance of the regulation, in consideration of the said increases in services and equipment, had agreed to pay the full amount of the increased rentals which have now been allowed, prospectively, by the regional administrator's order of June 30, 1943. Since the effective date of the regulation it has taken complainants just a year to obtain administrative relief. They forcefully argue that it is unfair to give their tenants a windfall at their expense during the intervening twelve months. We are not insensitive to the hardship disclosed in the present record.

■ The complainants' insurmountable difficulty is that this proceeding is not an attack upon the rent regulation itself for failing to provide for retroactive relief under its adjustment provisions, but is a petition for relief under the adjustment provisions of the regulation. Neither a petition for adjustment nor a protest against an order denying such petition may be construed as an attack upon the regulation. Armour & Co. v. Brown, Em.App., 1943, 137 F.2d 233. If a proper interpretation of the applicable provisions of the regulation in this case does not permit relief to be afforded retroactively, complainants take nothing by their complaint in this court that the regional administrator in his order of June 30, 1943, granted relief only prospective from that day.

■ Section 5 of the rent regulation, which authorizes petitions for adjustment, says nothing about retroactive relief. Section 4 establishes the maximum rents as the rents in force on March 1, 1942, "unless and until changed by the Administrator as provided in section 5." The reasonable interpretation—or at least a reasonable interpretation—is that changes in the maximum rents by proceedings under § 5 operate prospectively only. Otherwise, the word "until" would seem to add nothing to the word "unless." In Matter of Mary J. McCormick (Pike & Fischer OPA Serv. 602:5), a landlord filed a protest against the regulation itself for its failure to authorize retroactive relief under the adjustment provisions. The Administrator agreed with the protestant's interpretation that under the regulation as written no order adjusting a maximum rent could be given a retroactive effect, but denied the protest on the ground, as explained in his accompanying opinion, that there were good and sufficient reasons for making adjustments prospective only. This interpretation by the Administrator of his own regulation, which interpretation was made before any action was taken on the present complainants' petition for adjustment, is entitled to persuasive weight.

■ Supplementary Amendment No. 3 (7 F.R. 7404), effective September 17, 1942, added a new subsection to § 5 of the rent regulations as follows: "(f) Where a petition is filed by a landlord on one of the grounds set out in paragraph (a) of this section, the Administrator may enter an interim order increasing the maximum rent until further order, subject to refund by the landlord to the tenant of any amount received in excess of the maximum rent established by final order upon such petition. The receipt by the landlord of any increased rent authorized by such interim order shall constitute an agreement by the landlord with the tenant to refund to the tenant any amount received in excess of the maximum rent established by final order. The landlord shall make such refund either by repayment in cash or, where the tenant remains in occupancy after the effective date of the final order, by deduction from the next installment of rent, or both." We assume, without deciding, that the area rent director, to whom is delegated authority in the first instance to pass on petitions for adjustment, might have made an interim order under the above provision. He did not do so, however, and on October 10, 1942, he denied the petition for adjustment altogether. The regional administrator in acting on complainants' protest against such order of October 10, 1942, had no authority to give retroactive relief, even though it be assumed that the area rent director erroneously denied the petition for adjustment on the facts then appearing before him.

The amendment providing for interim orders has no bearing on the present case. It is to be noted that such an interim order would not be retroactive in effect; its only effect would be conditionally to authorize an increase of maximum rents from the date of the interim order.

■■■ It may well be that the Administrator's arguments of policy against retroactive adjustments, as set forth in his opinion in the McCormick case, are inapplicable to the situation disclosed in the present case where, before the rent regulation was issued, the landlord had already made the substantial increases in services and equipment under agreements with his tenants for increased rentals. But it is now too late for these complainants to protest against the rent regulation itself and to obtain a review in this court on the question whether the adjustment provisions, as written, are arbitrary or capricious. All that complainants can do now is to petition the Administrator under § 12 of the rent regulation and Revised Procedural Regulation No. 3 for amendment of the adjustment provisions of the rent regulation so as to permit retroactive relief to complainants, and other landlords similarly situated. But a petition for amendment is not a protest within the meaning of § 203(a) of the Act, 56 Stat. 31, 50 U.S.C.A.Appendix, § 923(a). It may be filed at any time by any person subject to or affected by a provision of a maximum rent regulation, and is addressed entirely to the discretion of the Administrator, who is generally empowered to modify or rescind a regulation at any time. Hence § 1300.211 of Revised Procedural Regulation No. 3 properly provides that "The denial of a petition for amendment is not subject to protest or judicial review under the Act." In this respect complainants are in the same position as the complainant in Bogart Packing Co. v. Brown, Em.App., 138 F.2d 422, decided by us October 19, 1943.

The complaint is dismissed.