CRAWFORD & DOHERTY FOUNDRY CO.
v. BOWLES, Price Adm'r.

No. 138.

United States Emergency Court of Appeals.
Heard at Portland, Ore., Aug. 31, 1944.

Decided Sept. 28, 1944.

Wilber Henderson, of Portland, Or., for complainant.

Evelyn N. Cooper, District Price Atty., of Portland, Or. (Richard H. Field, Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, Jacob D. Hyman, Chief, Court Review Price Branch, and Carl H. Fulda, Atty., all of the Office of Price Administration, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.

MARIS, Chief Judge.

For the second time today we are called upon to decide whether the Price Administrator erred in refusing an application for a price adjustment for gray iron castings under Section 1421.157(a) of Maximum Price Regulation No. 244[1] as amended by Amendment No. 3.[2] And we are again under the necessity of calling attention to the rule that in such a proceeding the applicant is not in a position to question either before the Administrator or in this court the validity of the regulation under the terms of which the adjustment is sought. Capitol Foundry Co. v. Bowles, Em.App., 146 F.2d 855, decided today; Armour and Company of Delaware v. Brown, Em.App.1943, 137 F.2d 233; Goodman v. Bowles, Em.App.1943, 138 F.2d 917.

The complainant is a manufacturer in Portland, Oregon, of gray iron castings which it sells to Government contractors for use in the war effort. Its prices are regulated by Maximum Price Regulation No. 244. On March 10, 1943 it filed an application for adjustment of its maximum prices. Altough purporting to be filed "pursuant to Procedural Regulation No. 6"

[1] 7 F.R. 8558.    [2] 8 F.R. 3002.

the application was treated by the Administrator, without objection by the Complainant, as filed under the substantially similar provisions of Section 1421.157 (a) of Maximum Price Regulation No. 244 as amended by Amendment No. 3. The application was denied by the Administrator on November 2, 1943. The complainant's ensuing request for review, which the Administrator properly treated as a protest, was denied by him on March 15, 1944. The present complaint followed.

■ Although, as we have intimated, questions concerning the validity of Maximum Price Regulation No. 244 were raised in the protest proceeding the Administrator rightly refused to consider them since the protest was not filed against the Regulation but rather against the order denying the application for an adjustment which had been filed under the Regulation. Consequently the only question properly before us is whether the Administrator was arbitrary or capricious in deciding that the complainant had not made out a case for a price adjustment under the terms of Section 1421.157(a) of the Regulation.

■ Under the express provisions of Section 1421.157(a) an applicant for a price adjustment for gray iron castings necessary to the war effort must make the primary showing, either that his existing maximum prices are below his costs of production or if not that they are inadequate to maintain continued production at his foundry. The Administrator found, and his finding was supported by the evidence, that the maximum prices fixed by the Regulation afforded the complainant a profit upon its sales both in 1942 and 1943 although it had sustained an average loss during the prewar years 1936 to 1939, inclusive. It is thus clear that the complainant's maximum prices were not below its costs of production.

The question, however, remained whether the margin of profit was so low as to endanger continued production. The standard which the Administrator has adopted for determining this question is described in our opinion filed today in Capitol Foundry Co. v. Bowles and need not be discussed here. It is sufficient to say that while the complainant's profit was only about 2% on sales in 1942 it rose to over 12% in sales in the first half of 1943. Since the average net earnings of the gray iron foundry industry for the prewar years 1936 to 1939, inclusive, amounted to but 4% on sales the Administrator concluded, by application of the standard to which we have referred, that a profit margin of 12% on sales was not inadequate to maintain continued production in the complainant's foundry. It appears that the complainant's net income of 12% sales for the first half of 1943 amounted to over 100% on the par or stated value of its capital stock. Upon this record we cannot hold that the Administrator's action in denying the complainant's application for adjustment was either arbitrary or capricious.

■ The complainant does not in this court seriously controvert the facts above recited. It bases its argument to us upon the fact that pursuant to an order of the National War Labor Board, issued August 14, 1942, the wages of its employees were substantially increased effective April 1, 1942. It says that unless its maximum prices are raised sufficiently to offset this increase in its cost of production it will be required to reduce its gross profit if it cannot reduce the cost of its raw material. It argues that this is in effect to compel a change in its business practices in violation of Section 2(h) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 902(h). It is the operation of the Regulation which brings about this result, not the order here under review.[3] The argument, therefore, involves an attack upon the continued validity of the Regulation which is, for the reasons already stated, not open for consideration in this proceeding.

■ Moreover the proposition is wholly without merit. It may well be questioned whether the alleged practice of receiving a definite margin of profit on sales is ever in reality more than a business hope or expectation. But if it could be shown to be the practice of an industry always to price its product so as to realize a fixed margin of profit it would still not be a business practice within the meaning of that phrase as used in Section 2(h). Compare Philadelphia Coke Co. v. Bowles, Em.App.1943, 139 F.2d 349.

A judgment will be entered dismissing the complaint.

---

[3] See Section 1421.151, 7 F.R. 8559.