**KERN v. COGSWELL.**
**BUCKLEY v. COGSWELL.**

Nos. 617, 618.

Municipal Court of Appeals for the
District of Columbia.

June 17, 1948.

Rehearing Denied June 30, 1948.

Camden R. McAtee, of Washington, D. C., for appellants.

Ruffin A. Brantley, of Washington D. C. (Ernest F. Williams, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

These are consolidated appeals from decisions of a statutory three-judge Municipal Court reviewing orders of the Administrator of Rent Control under the District of Columbia Emergency Rent Act.[1]

It appears that one Harold E. Hosch was the owner of premises 2231 Que Street, Northwest, comprising three units or apartments. The apartments had not been rented on the "basic date", January 1, 1941, nor during the year ending on that date. Appellant Buckley rented one unit in December 1943 at $250 per month and appellant Kern rented another unit in November 1943 at the same rental.

On December 15, 1943, the owner filed a petition before the Rent Administrator under Section 2(1) (c) of the Emergency Rent Act, Code 1940, § 45—1602(1) (c), for the determination of maximum rent ceilings for these units. The Administrator, approximately eleven months later or on November 14, 1944, issued an order fixing the maximum rent ceilings for each of the apartments at $130 a month and also specifying the services, including heat, hot water, etc., to be supplied by the owner. After this order had been reconsidered by the Administrator at the request of the owner, the rent ceiling of $130 per month for each apartment was finally determined by the Administrator January 17, 1945.

During the pendency of the case before the Rent Administrator, appellants continued to pay rent at the rate of $250 a month in accordance with their rental

---

[1] Code 1940, § 45—1609. The case was decided by three judges of the Municipal Court prior to April 29, 1948, when, by Act of Congress, jurisdiction to review orders of the Rent Administrator was transferred to this Court. Public Law 507, approved April 29, 1948, 76 W.L.R. 461.

agreements with the owner, but upon final action being taken by the Administrator in January 1945 the owner reduced the rent in accordance with the Administrator's order and tendered to each appellant the difference between the rentals paid and the $130 per month fixed by the Rent Administrator for the period between November 1944, the date of the original determination of the rent ceiling, through January 1945, the date of the final determination. These tenders were refused by appellants.

Nothing further was done until 1946, when appellants filed with the Administrator the petitions which form the basis of the present appeals. The relief asked by appellants was presented in the form of a proposed order, which reads as follows: "Ordered, That the maximum rent and minimum services of $130 a month determined as aforesaid upon said landlord application be and is from the beginning of said tenancy a fair and reasonable rent for said housing accommodations, and that upon refund by the landlords to the tenant of the sums collected and paid as rent in excess of $130 a month during the tenancy, said landlords be and are not liable for damages or penalties for receiving said excess or for refusing heretofore to refund same to petitioner."

The principal ground urged for granting the petitions was that the rent of $250 a month collected by the landlord for about a year exceeded the rent for comparable housing accommodations as subsequently determined by the Rent Administrator.

Upon consideration of these petitions, the Rent Examiner to whom they were assigned dismissed both petitions upon the ground that the relief sought was not within the provisions of the Rent Act. The Buckley petition was also dismissed upon the further ground that when it was filed appellant Buckley was no longer a tenant in the premises. No appeal to the Administrator was taken in the Buckley case, but in the Kern case the Administrator was asked to review the order of the Examiner, and subsequently the Administrator confirmed such order. It was from these orders of the Administrator and Examiner, respectively, that petitions for review were filed in the Municipal Court.

Two of the judges of the Municipal Court who heard the cases affirmed the orders below, and the third judge, dissenting, stated that in fact the proceeding was not one under Section 4 of the Rent Act and urged that the proceeding in the Municipal Court should have been dismissed for lack of jurisdiction.

■ We agree that the Administrator was without jurisdiction to grant the relief sought. It will be observed that the proposed order sought a determination that a certain rental was fair and reasonable for the housing accommodations as of the beginning of the tenancy. The rent ceiling had been determined by the Administrator. under Section 2 of the Act which fixes the standard as the rent generally prevailing for comparable housing accommodations. Having made such a determination the Administrator is not authorized by any provision of the Act to thereafter rule that such determination constitutes fair and reasonable rent. The proposed order further, in effect, provides for a refund by the landlord to the tenant of the alleged excess in rent. Nowhere in the Act is the Administrator given authority to order a refund by a landlord to a tenant. And finally, the order asked that the Administrator rule that upon payment of such refund the landlord should not be liable for certain damages or penalties. Clearly the Administrator has no authority to make such a ruling and if he had done so the ruling would be without legal effect.

As we see it, the whole purpose and effect of appellants' petition was to compel the landlord to make certain refunds to the tenant and the Administrator has no authority to order such refunds.

■ Furthermore, it has been held consistently since the Rent Act went into effect that for housing accommodations not rented on January 1, 1941, or within the year ending on that date, no maximum rent ceiling exists until determined by the Administrator and that until then the rights of the parties are those fixed by their lease agreement. Wilkerson v. Montgomery, D. C.Mun.App., 47 A.2d 102, and cases there cited. In other words, until a ceiling is established there can be no violation of the ceiling and the effective date of the ceiling

is the date of the Administrator's determination and not some prior date.

An entirely different question would be presented had the Administrator under the general powers granted him by the Act[2] promulgated an order to the effect that whenever a landlord collects rent for housing accommodations on which no ceiling has been fixed by law or determined by the Administrator the collection of such rent is subject to refunding to the tenant any excess collected over and above the ceiling as thereafter determined. A regulation substantially to this effect was enacted by the National Rent Administrator, but the local Administrator has never issued such an order.

During oral argument in the court below appellants urged that the three-judge Municipal Court require the Administrator to promulgate an order to this effect. It refused so to do, and we think correctly. Whatever may be the general equity jurisdiction of the Municipal Court as such, we are clear that the three-judge court authorized by the Rent Act had no such power.[3]

Appellants have urged several procedural points but none of them would affect our decision.

Affirmed.

---

[2] Section 7 (b) of the Act provides: "The Administrator shall have authority to promulgate, issue, amend, or rescind rules and regulations, subject to approval by the Commissioners of the District of Columbia, and to issue such orders as may be deemed necessary or proper to carry out the purposes and provisions of this Act or to prevent the circumvention or evasion thereof." We, of course, have no present occasion to decide whether this Section constitutes sufficient authority to promulgate an order such as that suggested.

[3] Cf. Fabianich v. Hart, D.C.Mun.App., 31 A.2d 881.