## BANKS v. THORWARTH.

### No. 861.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 10, 1949.

Decided Oct. 28, 1949.

Robert H. McNeill, Washington, D. C., with whom T. Bruce Fuller, Washington, D. C., was on the brief, for appellant.

David G. Bress, Washington, D. C., with whom Sheldon E. Bernstein, Washington, D. C., was on the brief, for appellee.

Alvin L. Newmyer, Washington, D. C., also filed an appearance for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff sued defendant for damages for a rent overcharge under the District of Columbia Emergency Rent Act, Code 1940, Supp. VI, 45—1610(a). On motion of defendant the trial court dismissed the action. Plaintiff appeals.

In her original complaint, filed June 21, 1949, plaintiff bottomed her action on an allegation that on May 13, 1949, the Rent Administrator's Office, "through his Examiner," decided that the "fair and reasonable rental" for the third floor apartment owned by defendant was $50 per month unfurnished and $57.50 per month furnished. Claiming that from September 1, 1945, to August 31, 1947, she had paid $80 per month for the apartment furnished and had paid $90 per month for the apartment unfurnished from September 1, 1947, through April 1949, plaintiff sued for twice the differences between the amounts paid and the rent ceilings fixed by the Rent Administrator's Office. Defendant moved to dismiss this complaint on the ground that it showed on its face that plaintiff was seeking to give retroactive effect to the rent order contrary to settled law that this may not be done.[1]

On July 22, 1949, plaintiff filed an amended complaint, making the same allegations with respect to her rental of the apartment

---

1. Kern v. Cogswell, D.C.Mun.App., 59 A. 2d 793; Wilkerson v. Montgomery, D.C. Mun.App., 47 A.2d 102; Dekelbaum v. Lloyd, D.C.Mun.App., 41 A.2d 174; Moore v. Coates, D.C.Mun.App., 40 A.2d 68.

but alleging that "in 1941"[2] the rental for the third floor furnished was $68 per month, that the rental unfurnished was "estimated" to be $60 per month and that after 1941 defendant had not made "any substantial capital improvements or alterations in said apartment" and that therefore plaintiff was entitled to recover twice the overcharges. In such amended complaint plaintiff repeated her previous allegation that the Rent Administrator's Office in May 1949 had fixed a rent ceiling for the premises, both furnished and unfurnished, but such ceilings were not made the basis of the claim for recovery. The amended complaint was dismissed by the trial court.

At the time of filing the motion to dismiss the original complaint, defendant filed a memorandum of points and authorities in support thereof and attached thereto a copy of "Examiner's Findings of Fact and Recommendation" of May 13, 1949, a portion of which, namely the part fixing the rent ceiling, had been referred to in the complaint. Such findings and recommendation, the full text of which is quoted in the margin,[3] included a statement "That the use of the premises has been changed from sleeping rooms to apartment and such change has resulted in a different type of accommodation which change in accordance with Gould, et al. v. Delsnider, D.C. Mun.App., 43 A.2d 140, No. 264, forms a proper basis for determination of the maximum rent ceiling and minimum service standard in accordance with Section 2(1)(c) of the Act." The findings of fact and recommendation, in accordance with the usual practice of the Rent Administration, further provided that the proposed order would go into effect at a fixed future date unless a request for personal review by the Administrator was filed. It was alleged further that there had been no such request for review.

In connection with the motion to dismiss the amended complaint, defendant also filed an affidavit stating that the landlord had

2. Both parties appear to treat this allegation as the equivalent of saying that the third floor was so rented January 1, 1941, the test date under the Rent Act. We proceed on the same assumption.

3. "The above-captioned matter having been referred for examination, hearing, findings of fact and recommendation, and upon consideration of the record, evidence adduced and pertinent data, the following findings of fact are made:

"Appearances:
"Julia H. Thorwarth, Petitioner.
"Margaret McKee Banks, Respondent.
"Robert H. McNeil, Esq., Attorney for Respondent.
"1. That the use of the premises has been changed from sleeping rooms to apartment and such change has resulted in a different type of accommodation which change, in accordance with Gould, et al. v. Delsnider, D.C.Mun.App., 42 A.2d 140, No. 264, forms a proper basis for determination of the maximum rent ceiling and minimum service standard in accordance with Section 2 (1) (c) of the Act, D.C.Code 1940, § 45—1602 (1)(c).

"It is recommended that an order as set out below be entered, effective May 24, 1949.
"Dated: May 13, 1949.
William F. Mansfield,
"Examiner.

"Notice
"The above findings and the order recommended therein will be deemed to be the finding and order of the Administrator on the effective date set forth therein unless a request in accordance with either Rule 20 or Rule 21 is filed prior thereto. Copies of these Rules may be obtained from the Secretary-Docket Clerk.
"Order
"Upon consideration of the record, pertinent data and the Examiner's findings of fact and recommendation, it is this ..............................,
"Ordered, that the Examiner's Findings of fact are hereby affirmed and the maximum rent ceiling shall be $......** .... per month for the housing accommodations located in premises 1717 De-Sales Street N. W. 3rd floor consisting of the facilities, privileges and services set out in said findings of fact, with a minimum service standard which includes electricity, heat, hot water, electric refrigerator, outside repairs, rugs, screens, and water rent, (furniture and furnishings when rented on a furnished basis.)
"** $50.00 per month, unfurnished. $57.50 per month, furnished.
..........................
"Administrator"

operated the second and third floors of the building in 1940 and 1941 as a rooming house, renting each room individually to various persons; that during the year 1943 she had converted the third floor of the premises to one single apartment and that during the year 1947 and the first two months of 1948 she had also converted the second floor to one single apartment.[4] It was also alleged that no conversions or changes in the second or third floors had been made since the dates indicated.

The trial court gave no reasons for its dismissal of the amended complaint, but defendant has supported such dismissal upon the principal ground that the action of the Rent Administration in determining that new housing accommodations were created by the change in use of the third floor from separate rooms to an apartment meant inferentially that no rent ceiling existed prior to such determination in May 1949 and that such inferential determination is conclusive upon the present cause on the principle of estoppel by judgment.

Our first inquiry must be whether the trial court, in considering the motion to dismiss, was entitled to take into account the text of the Rent Administration's finding and also defendant's affidavit. Plaintiff apparently concedes the right of the trial court to consider the first item but denies its right to refer to the second. Our consideration of this question has been made more difficult by the continued failure of the Municipal Court to amend its rules to conform to the amendments to the Federal Rules of Civil Procedure, 28 U.S.C.A. Those amendments were adopted by the Supreme Court December 27, 1946, effective March 19, 1948, and included one applying to rule 12(b) and providing that if, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by rule 56.

■ However, in spite of the failure of the Municipal Court to so amend its own rule 12(b), we believe that the trial court was entitled to consider the extraneous matter. As shown by the advisory committee report on the amendments to the Federal Rules,[5] numerous federal district courts had followed such procedure prior to the adoption of the amendments and the practice had been approved by some United States courts of appeals. A similar procedure has been sanctioned by the United States Court of Appeals for the District of Columbia.[6]

■ Even taking into account the extraneous matter, however, we conclude it was error to dismiss the amended complaint. Our reasons for so holding are, first, that plaintiff was not bound in the present action by the rent examiner's finding. As shown by the finding itself, it was entered under Section 2(1) (c) of the Rent Act. That section, Code 1940, Supp. VI, 45—1602(1) (c), provides that the rent ceiling for housing accommodations not rented on January 1, 1941, nor within the year ending on that date shall be "the rent * * * generally prevailing for comparable housing accommodations *as determined by the Administrator.*" (Emphasis supplied.) Here the finding was made by a rent examiner and the record does not show consideration and approval by the Administrator himself. It has been conclusively decided that in the absence of personal consideration and approval by the Administrator an order signed by an examiner under authority of this section may

---

4. Reference was made to the second floor because suits similar to this one had been filed by former tenants of the second floor apartment and motions to dismiss those suits are also pending in the trial court. By stipulation of the parties the outcome of the present suit will dispose of the other suits.

5. 5 F.R.D. 433, 442 et seq.

6. National War Labor Board v. Montgomery Ward & Co., 79 U.S.App.D.C. 200, 144 F.2d 528, certiorari denied 323 U.S. 774, 65 S.Ct. 134, 89 L.Ed. 619.

not be made the basis for a suit for damages under the Rent Act.[7] It follows that such an order, for the same reasons, may not be made the basis of a plea of estoppel by judgment.

Furthermore, even an actual order of the Administrator would not be res judicata in the present case or give rise to the application of the doctrine of estoppel by judgment under the circumstances here present. The proceeding was initiated by defendant, and under the Rent Act, assuming new housing accommodations had come into existence, the sole function of the Administrator was to determine "the rent and service generally prevailing for comparable housing accommodations."[8] The result of the proceeding was the fixing of a rent ceiling not only below what plaintiff had been paying but even below the price charged to all roomers for the occupancy of the third floor in 1941. Defendant urges that plaintiff was bound by the finding because she did not appeal from it. Since the rent had been decreased, plaintiff had no motive for protesting the decision. Regardless of whether she was bound in the future, the present case involves only the past, and defendant herself urges, quite accurately, that rent orders of the Rent Administration are not retroactive. In addition, as to Rent Administration decisions made under Section 2(1) (c), there is no court appeal.[9] All of these circumstances lead us to the conclusion that plaintiff was not estopped in the present action by the decision rendered in 1949 by the Rent Administration.[10]

Aside from these considerations, we do not believe that the change in the use of space from occupancy by a number of roomers to occupancy of the same space as an "apartment" by one or more persons, without more, results as a matter of law in the creation of new housing accommodations under the statute as interpreted in

Delsnider v. Gould, 81 U.S.App.D.C. 54, 154 F.2d 844. All the circumstances surrounding the change, including details of the use of the space, and services rendered, should be considered, and thereupon the question ordinarily becomes one of fact. While we are now deciding only the present case, we think we are entitled to note, at least incidentally, the stipulation of the parties that pending suits regarding the second floor shall depend upon the outcome of this action. As to the second floor, according to the stipulation, the space, after it became "an apartment" was rented to four persons at a specified rental for each. The record does not show to what extent, if any, this constituted a change from the use by "roomers."

An additional reason why we hold it was error to grant the motion to dismiss is that the amended complaint states that the apartment, as an apartment, was first rented furnished to plaintiff by defendant in 1945 at $80 a month and later it was rented unfurnished at $90 a month. This is contrary to defendant's affidavit. This presents a factual difference which alone should have prevented dismissal of the action without a trial. The rule is that for housing accommodations not rented January 1, 1941, the first rental collected by the landlord is the maximum rent ceiling until another ceiling is determined by the Administrator under Section 2(1) (c) of the Act.[11] We do not now pass upon the question of whether new housing accommodations may be created by removing furniture from an apartment. Ordinarily, under such circumstances, rent would be decreased rather than increased, as alleged in the complaint. Some reasonable explanation of what happened may be forthcoming at the trial which we have determined is necessary.

Reversed with instructions to reinstate the amended complaint and order a trial.

7. Sager v. Parker, D.C.Mun.App., 55 A.2d 349, affirmed Parker v. Sager, U.S.App.D. C., 174 F.2d 657.

8. Code 1940, Supp. VI, 45—1602 (1) (c).

9. Sager v. Parker, supra; Sager v. Stamps, D.C.Mun.App., 38 A.2d 113, 72 W.L.R. 693.

10. See The Evergreens v. Nunan, 2 Cir., 141 F.2d 927, 152 A.L.R. 1187, certiorari denied 323 U.S. 720, 65 S.Ct. 49, 89 L.Ed. 579; Restatement, Judgments, §§ 68 (2), 70.

11. Delsnider v. Gould, supra.