J-S58033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICKY SCHLOTT | |
| Appellant | No. 457 WDA 2014 |

Appeal from the Judgment of Sentence March 17, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001026-2013

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 04, 2015**

Appellant, Ricky Schlott, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas, following his jury trial convictions for persons not to possess firearms, firearms not to be carried without a license, flight to avoid apprehension, disorderly conduct, and possession of marijuana.[1] We affirm.

The relevant facts and procedural history of this appeal are as follows.

> On March [11], 2013, at approximately 12:18 a.m., Captain David Rutter of the Uniontown City Police Department advised Officer Jonathan Grabiak of a fight in the parking lot of the Uniontown Welfare Office. Officer Grabiak and Officer Charles David responded to the call

_____

[1] 18 Pa.C.S.A. §§ 6105; 6106; 5126; 5503; 35 P.S. § 780-113(a)(31), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

and observed a man later identified as [Appellant]. When [Appellant] observed the police officers, he began to flee. The parking lot was fenced in with the entrance and exit chained. [Appellant] was able to successfully climb over the fence and continue running from them. As he was running, Officer Grabiak observed [Appellant] reaching into the front of his waistband. Officers Grabiak and David began to pursue [Appellant] on foot in the Great Bethel Baptist Church parking lot until they ordered him to the ground.

[Appellant] eventually complied with the order, and Officer Grabiak proceeded to the west corner of the lot where [Appellant] was standing and recovered a Springfield XD .45 caliber semi-automatic handgun. The firearm was fully loaded when it was recovered. After running the serial number on the firearm, it was discovered that the firearm was reported stolen.

Once [Appellant] told the officers his name, it was further discovered that [Appellant] is a convicted felon who was wanted for Possession with Intent to Deliver cocaine. Accordingly, he was not permitted to carry a concealed firearm in Pennsylvania. When asked about the firearm, [Appellant] responded that he had "found it."[2] He was then placed under arrest.

(Trial Court Opinion, filed May 20, 2014, at 2-3).

On March 11, 2013, the Commonwealth filed a criminal information charging Appellant with receiving stolen property, possession of firearm with manufacture number altered, possession of firearm prohibited, flight to avoid apprehension, firearms not to be carried without a license, possession of marijuana, and disorderly conduct. Following a preliminary hearing on June

---

[2] Actually, Captain Rutter directed his questions about the firearm to Officer Grabiak, but Appellant volunteered the answer. (N.T. Trial, 3/7/14, at 22).

11, 2013, all of Appellant's charges were bound over to the Court of Common Pleas.

On March 7, 2014, a jury convicted Appellant of charges on counts 3 through 7.[3] The court sentenced Appellant on March 17, 2014, to four (4) to eight (8) years' imprisonment at count 3, for the persons not to possess firearms conviction and imposed no further penalty on the other convictions.[4] The court also determined Appellant was ineligible for the RRRI program, due to the nature of the firearms convictions.

Appellant timely filed a notice of appeal on March 21, 2014. The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On March 25, 2014, Appellant timely filed his Rule 1925(b) statement.

Appellant now raises three issues for our review:

> DID THE COURT ERR IN PERMITTING THE INTRODUCTION OF PHOTOGRAPHS FROM APPELLANT'S PHONE DEPICTING A FIREARM AND THE APPELLANT WITH A FIREARM?

> DID THE COURT ERR[] IN INSTRUCTING THE JURORS THAT THE COMMONWEALTH IS NOT BOUND BY THE DATES IN THE INFORMATIONS?

---

[3] The trial court dismissed the charge of receiving stolen property at count 1. The jury adjudicated Appellant not guilty of possession of a firearm with manufacturer's number altered at count 2.

[4] With a prior record score of 5 and an offense gravity score of 10 (gun loaded), the mitigated range of the sentencing guidelines for this offense was 48 to 60 months. Thus, the court sentenced Appellant at the low end of the mitigated range.

> DID THE COMMONWEALTH FAIL TO PROVE THAT THE APPELLANT POSSESSED A FIREARM[?] SPECIFICALLY[,] THERE WAS NO EVIDENCE PRESENTED BY THE COMMONWEALTH THAT APPELLANT HELD THE FIREARM IN QUESTION[.]

(Appellant's Brief at 7).

Appellant first argues the cell phone pictures, portraying him holding a firearm, were wrongfully admitted at trial. Appellant contends the Commonwealth had no way to establish when the photographs of Appellant had been taken or if the firearm in the pictures was the same firearm recovered at the scene of Appellant's arrest and introduced at trial. Absent concrete evidence that the two firearms were the same, Appellant claims introduction of the photographs at trial was far more prejudicial than probative; and they should have been excluded under Pa.R.E. 403. Appellant maintains introduction of the photographs of Appellant with a firearm, on a previous date, served to divert the jury's attention from weighing the facts relating to the 3/11/13 incident at issue. Appellant submits the pictures persuaded the jury to convict him on an improper basis.

Next, Appellant complains the court erroneously instructed the jury that it was not "bound by the date alleged in the criminal information." (N.T., 3/7/14, at 97). Specifically, the criminal information referenced the date of the incident as 3/11/13, and the Commonwealth charged him with actions committed on 3/11/13, but not on the possibility that he might have held a firearm on a previous date, as in the photographs. Appellant also

insists the Commonwealth failed to establish the purported firearm in the photographs was the same firearm recovered in Appellant's vicinity on 3/11/13. Appellant testified he did not know if the firearm in the pictures was even a real firearm. Appellant asserts the court's instruction allowed the jury to consider the pictures of Appellant holding a firearm and to convict him, based on prior bad acts which were not set forth in the criminal information. Appellant emphasizes he had no notice he would have to defend against charges not included in the criminal information. Appellant reiterates the only reason for introducing the photographs at trial was to prejudice him with irrelevant evidence. Appellant concludes he is entitled to a new trial on these grounds.

Finally, Appellant complains the Commonwealth presented insufficient evidence in connection with his firearm possession convictions. Specifically, Appellant argues police did not see Appellant physically possess or discard the firearm during flight. Appellant further asserts Officer Grabiak's recollection of the lab report was that no latent fingerprints were recovered from the firearm during forensic testing, so Appellant insists this testimony proves he did not possess the firearm recovered on 3/11/13. Appellant concedes the Commonwealth can use circumstantial evidence to prove Appellant possessed the firearm, but he believes the only reason the Commonwealth was able to convict him in this case was the erroneous admission of the photographic evidence. Appellant concludes he is entitled

to have the verdict set aside.  We cannot agree with Appellant's contentions.

"Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion."  *Commonwealth v. Drumheller*, 570 Pa. 117, 135, 808 A.2d 893, 904 (2002), *cert. denied*, 539 U.S. 919, 123 S.Ct. 2284, 156 L.Ed.2d 137 (2003) (quoting *Commonwealth v. Stallworth*, 566 Pa. 349, 363, 781 A.2d 110, 117 (2001)).  Relevance is the threshold for admissibility of evidence.  *Commonwealth v. Cook*, 597 Pa. 572, 602, 952 A.2d 594, 612 (2008).  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Pa.R.E. 401.  "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact."  *Drumheller*, *supra* at 135, 808 A.2d at 904.  "Evidence that is not relevant is not admissible."  Pa.R.E. 402.  "Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Pa.R.E. 403.  "Evidence will not be prohibited merely because it is harmful to the defendant."  *Commonwealth v. Dillon*, 592 Pa. 351, 367, 925 A.2d 131, 141 (2007).

Pennsylvania Rule of Evidence 404 provides:

### Rule 404.  Character evidence not admissible to prove conduct; exceptions; other crimes

**(a)  Character evidence generally.**  Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

\*    \*    \*

**(b)   Other crimes, wrongs, or acts.**

(1)   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

(2)   Evidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

(3)   Evidence of other crimes, wrongs, or acts proffered under subsection (b)(2) of this rule may be admitted in a criminal case only upon a showing that the probative value of the evidence outweighs its potential for prejudice.

\*    \*    \*

Pa.R.E. 404(a), (b)(1)-(3).  Evidence of prior bad acts or unrelated criminal activity is inadmissible for the sole purpose of showing a defendant acted in conformity with those past acts or has a criminal propensity. ***Commonwealth v. Malloy***, 579 Pa. 425, 439, 856 A.2d 767, 775 (2004); Pa.R.E. 404(b)(1).   Rule 404(b)(2), however, does provide for the admissibility of prior crimes, wrongs or other acts evidence in certain limited instances "where it is relevant for some other legitimate purpose and not

utilized solely to blacken the defendant's character." ***Commonwealth v. Russell***, 938 A.2d 1082, 1092 (Pa.Super. 2007), *appeal denied*, 598 Pa. 766, 956 A.2d 434 (2008). Specifically, "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case, this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b)(2). The particular prejudice the rule seeks to prevent "is the misuse of the other-offense evidence—specifically, that jurors might convict a defendant because they perceive the defendant has a bad character or propensity to commit crimes." ***Commonwealth v. Cascardo***, 981 A.2d 245, 251 (Pa.Super. 2009), *appeal denied*, 608 Pa. 652, 12 A.3d 750 (2009).

Likewise, the trial court has the discretion to admit photographic evidence and, absent an abuse of that discretion, the admission will prevail on review. ***Commonwealth v. Baez***, 554 Pa. 66, 720 A.2d 711 (1998), *cert. denied*, 528 U.S. 827, 120 S.Ct. 78, 145 L.Ed.2d 66 (1999); ***Commonwealth v. Lowry***, 55 A.3d 743, 753 (Pa. Super. 2012), *appeal denied*, 619 Pa. 701, 63 A.3d 1245 (2013). When making the admissibility decision, the court must analyze whether the photograph is inflammatory by its very nature and, if so, whether the essential evidentiary value of the photograph outweighs "the likelihood that the photograph will improperly

inflame the minds and passions of the jury." ***Baez, supra*** at 97, 720 A.2d at 726.

As a general rule, a weapon may not be admitted in evidence unless it is specifically linked to the crime charged. ***Commonwealth v. Antyane Robinson***, 554 Pa. 293, 721 A.2d 344 (1998), *cert. denied*, 528 U.S. 1082, 120 S.Ct. 804, 145 L.Ed.2d 677 (2000). Nevertheless,

> [A]n exception exists where the accused had a weapon or instrument suitable to the commission of the crime charged.
>
> > A weapon shown to have been in a defendant's possession may properly be admitted into evidence, even though it cannot positively be identified as the weapon used in the commission of a particular crime, if it tends to prove that the defendant had a weapon similar to the one used in the perpetration of the crime.
>
> Uncertainty whether the weapons evidence was actually used in the crime goes to the weight of such evidence, not its admissibility.

***Commonwealth v. Williams***, 58 A.3d 796, 801 (Pa.Super. 2012), *appeal denied*, 620 Pa. 708, 68 A.2d 908 (2013) (internal citations omitted) (affirming admission of photograph of defendant in possession and control of weapon similar to one used to commit crimes charged). ***See also Commonwealth v. Owens***, 929 A.2d 1187 (Pa.Super. 2007), *appeal denied*, 596 Pa. 705, 940 A.2d 364 (2007) (affirming admission of handgun parts and ammunition found in defendant's home and car, where evidence was relevant to show defendant had weapons similar to ones used in

commission of crime charged; evidence was not unduly prejudicial such that it would cause verdict to be based on something other than relevant legal propositions).

When reviewing a challenge to a jury instruction:

> [W]e must review the jury charge as a whole to determine if it is fair and complete. A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration. The trial court commits an abuse of discretion only when there is an inaccurate statement of the law.

***Commonwealth v. Baker***, 963 A.2d 495, 507 (Pa.Super. 2008), *appeal denied*, 606 Pa. 644, 992 A.2d 885 (2010) (quoting ***Commonwealth v. Samuel Jones***, 954 A.2d 1194, 1198 (2008), *appeal denied*, 599 Pa. 708, 962 A.2d 1196 (2008)). ***See also Commonwealth v. Kareem Jones***, 858 A.2d 1198, 1200-01 (Pa.Super. 2004) (stating: "We will not rigidly inspect a jury charge, finding reversible error for every technical inaccuracy…rather [we] evaluat[e] whether the charge sufficiently and accurately apprises a lay jury of the law it must consider in rendering its decision. … [W]e must review the charge as a whole. Error cannot be predicated on isolated excerpts of the charge…it is the general effect of the charge that controls").

Importantly, a specific and timely objection is essential to preserve a challenge to a particular jury instruction. ***Commonwealth v. Forbes***, 867 A.2d 1268, 1274 (Pa.Super. 2005). Failure to do so results in waiver of the issue for appeal. ***Id.*** Consider also Pennsylvania Rule of Appellate

Procedure 302, which provides:

**Rule 302.  Requisites for Reviewable Issue**

\*    \*    \*

**(b) Charge to jury.**  A general exception to the charge to the jury will not preserve an issue for appeal.  Specific exception shall be taken to the language or omission complained of.

Pa.R.A.P. 302.  Similarly, Pennsylvania Rule of Criminal Procedure 647 states

in pertinent part:

**Rule 647.   Request for Instructions, Charge to the Jury, and Preliminary Instructions**

\*    \*    \*

(B) No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate.  All such objections shall be made beyond the hearing of the jury.

\*    \*    \*

Pa.R.Crim.P. 647 (emphasis added).  Thus, a defendant's failure to object specifically to the jury charge, before the jury retires to deliberate, precludes appellate review of that jury charge.  ***Commonwealth v. Gwynn***, 555 Pa. 86, 106, 723 A.2d 143, 152 (1999), *cert. denied*, 528 U.S. 969, 120 S.Ct. 410, 145 L.Ed.2d 320 (1999).  ***See Commonwealth v. Fisher***, 493 A.2d 719 (Pa.Super. 1985) (stating specific objection must be made, even where jury instructions have been timely offered and refused; objection assures trial court has fair opportunity to avoid error).

When examining a challenge to the sufficiency of evidence:

> The standard we apply…is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Barnswell Jones*, 120-21 (Pa.Super. 2005)(quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

Section 6105 of the Crimes Code defines the offense of persons not to possess a firearm as follows:

> **§ 6105.  Persons not to possess, use, manufacture, control, sell or transfer firearms**
>
> **(a)   Offense defined.—**
>
> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this

Commonwealth.

\*   \*   \*

18 Pa.C.S.A. § 6105(a)(1).  Section 6106 of the Crimes Code in relevant

part provides:

### § 6106.  Firearms not to be carried without a license

#### (a)   Offense defined.—

(1)   Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1).

Instantly, the trial court admitted photographs of Appellant, taken

from his own cell phone, which pictured Appellant holding in his waistband a

firearm that met the description of the firearm recovered near Appellant

during the incident on 3/11/13.  At least one picture was admittedly taken in

Appellant's apartment.  Appellant also admitted he was the person in the

photographs holding the firearm.

The fact that Appellant had in his possession a weapon substantially

similar to the one recovered on 3/11/13, was relevant for several reasons.

Admission of the photographs challenged Appellant's claim that the firearm

recovered on 3/11/13, did not belong to him and that he had just "found it."

The photographs also showed Appellant had access to a firearm almost

identical to the firearm recovered on 3/11/13. Furthermore, the confirmed date of the photographs was March 4, 2013, or one week before the 3/11/13 incident giving rise to the charges in this case. As the probative value of the photographs outweighed the potential for undue prejudice, we see no abuse of discretion in their evidentiary use at trial. **See Williams, supra**.

With respect to Appellant's jury instruction challenge, the trial court instructed the jury as follows:

> Before I define the crimes, I do want to mention one principle in the law. The information in this case charge[s] that the crimes were committed on March 11, 2013. But, you are not bound by the date alleged in the criminal information. It is not an essential element of any of the crimes charged. You may find the Defendant guilty of a particular crime if you are satisfied beyond a reasonable doubt that he committed the crime charged in the information, even though you are not satisfied that he committed it on the exact date alleged in the information.

(N.T. Trial, 3/7/14, at 97). Significantly, at no time did Appellant object to this or any of the other jury instructions, prior to commencement of jury deliberations. Therefore, Appellant waived this issue at trial, and it is not subject to appellate review. **See Gwynn, supra**; **Forbes, supra**; Pa.R.A.P. 302(b); Pa.R.Crim.P. 647.

Moreover, this instruction as presented is capable of legitimate interpretation, other than Appellant's claim, where the instruction did not direct the jury to convict Appellant on uncharged crimes. The court merely explained that the date of the offenses was not an element of any of the crimes charged. Notably, this short instruction was only a small part of

twenty pages of jury instructions. Thus, even if Appellant had properly preserved this challenge, we would consider it unworthy of relief.

With respect to Appellant's issue implicating the sufficiency of the evidence, the trial court said:

> [Appellant] was observed reaching into his waistband as he was running from the police. Furthermore, a firearm was recovered in the immediate area where [Appellant] had been. Finally, when asked about the firearm, [Appellant] stated that he had "found it."
>
> In order to be convicted of Possession of a Firearm Prohibited, a person need not be the owner of the firearm. [Appellant] admitted that he had knowledge of the firearm in stating that he "found it." He never said he did not know anything about it. Based on those circumstances, the Commonwealth met [its] burden of proof, and the jury properly and reasonably inferred that [Appellant] possessed the firearm.

(Trial Court Opinion at 5-6) (internal citations omitted). Pursuant to the governing statute, the Commonwealth proved Appellant "possessed" the firearm recovered at the scene of his arrest. Police observed Appellant reach into his waistband, and later police found the firearm in the immediate area where Appellant had been running. Also, in response to a question directed to Officer Grabiak, Appellant volunteered that he had "found" the firearm. The jury was free to believe all, part, or none of the evidence and could reasonably conclude Appellant possessed the firearm recovered on 3/11/13. **See Barnswell Jones, supra**. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

- 15 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2015